IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELANIE A. DEAN and )
PATRICK G. HANDLEY, )
)
        Plaintiff, )
)
v. )
)   No. 10-2064-CM
)
SCOTT L. RUTHER individually, )
and d/b/a RUTHER & ASSOCIATES, )
)
        Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiffs, Melanie Dean and Patrick Handley, bring this suit against defendant Scott Ruther, individually and d/b/a Ruther & Associates, on claims resulting from an investment strategy they pursued at the suggestion of defendant. Defendant has failed to appear or otherwise defend, and the clerk of the court entered default against him as to liability.

Before the court is plaintiff's Verified Motion for Entry of Default Judgment with Memorandum in Support, (Doc. 6), in which plaintiff seeks an award of $1,117,670, including plaintiff's attorney fees and costs, and post-judgment interest.

**I. Factual Background**

On January 29, 2010, plaintiffs filed this case alleging fraud, professional negligence, and violation of the Kansas Consumer Protection Act. Plaintiffs' complaint makes the following allegations: Defendant operated, promoted, and sold a deficient plan to shelter participants' income from taxes and "superfund" their individual retirement accounts. By following defendant's advice,

and participating in the deficient plan, plaintiffs have incurred tax penalties and other damages. In their complaint, plaintiffs seek $1,514,423 in compensatory damages, $9,000 in attorney fees and costs incurred bringing this action, and pre-and post-judgment interest at the maximum rate permitted by law. The total specific amount of damages set forth in the complaint is $1,523,423.

Plaintiff's application for default judgment seeks damages in the amount of $1,117,670. In support of its damages request, plaintiffs filed a Verified Motion for Entry of Default Judgment with Memorandum in Support, verified by both plaintiffs. The verified motion sets forth itemized damages from taxes, penalties, and interest assessed by the IRS and attorney fees related to the IRS matter in the total amount of $1,108,670. Plaintiffs also verified that they incurred $9,000 in attorney fees in bringing this action. The only evidence attached to the motion is IRS notices regarding the IRS damages. Plaintiffs have not attached any evidence regarding the attorney fees incurred in the IRS matter or this action.

## II. Judgment Standard

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). Under Rule 55(b)(1), "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. . . ." To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928–29 (9th Cir. 2004) (following the First Circuit and reasoning that a claim is not a sum certain unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default).

The claimed amount of damages must be supported with an affidavit or other evidence of actual damages.

The entry of default judgment by the court is governed by Rule 55(b)(2). It states:

> In all other cases, the party must apply to the court for a default judgment. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983)). The inquiry does not end just because a plaintiff requests a specific amount in its complaint. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995). "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount. He or she must also establish that the amount requested is reasonable under the circumstances.'" *Id.* (quoting *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)). "'Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* at *4 (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)). The amount of damages that a plaintiff may recover on default is limited to the amount that the plaintiff claims in the prayer for relief in the complaint. *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is

demanded in the pleadings.").

**III. Discussion**

Here, plaintiffs seek damages for sums that are uncertain. Because plaintiffs seek damages that are uncertain, the clerk does not have authority to enter default judgment. Thus, the court construes plaintiffs' application as a request under Rule 55(b)(2).

The pleadings, supported by the verified motion, set out the amount of damages, but the pleadings do not provide specific documentary evidence or details regarding the amounts requested. For example, plaintiffs seek attorney fees for the IRS matter but fail to provide evidence that establishes the amount of the fees. Plaintiffs also seek attorney fees for this action but do not provide any time records or justification for the amount. Based on the record before it, the court concludes that an evidentiary hearing is necessary to determine the amount of plaintiffs' damages. Accordingly, a hearing to determine the amount of plaintiffs' damages is set for July 19, 2010 at 1:30 p.m.

**IT IS THEREFORE ORDERED** that a hearing to determine the amount of plaintiffs' damages is set for July 19, 2010 at 1:30 p.m.

Dated this 20th day of May, 2010 at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**