# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MELANIE A. DEAN and )
PATRICK G. HANDLEY, )
　)
　　　　　Plaintiff, )
　)
v. )
) No. 10-2064-CM
)
SCOTT L. RUTHER individually, )
and d/b/a RUTHER & ASSOCIATES, )
)
　　　　　Defendant. )
)

## MEMORANDUM AND ORDER

Plaintiffs, Melanie Dean and Patrick Handley, bring this suit against defendant Scott Ruther, individually and d/b/a Ruther & Associates, on claims resulting from an investment strategy they pursued at the suggestion of defendant. Defendant has failed to appear or otherwise defend, and the clerk of the court entered default against him as to liability. Before the court is plaintiff's Verified Motion for Entry of Default Judgment with Memorandum in Support (Doc. 6).

**I. Factual Background**

On January 29, 2010, plaintiffs filed this case alleging fraud, professional negligence, and violation of the Kansas Consumer Protection Act. Plaintiffs' complaint makes the following allegations: Defendant operated, promoted, and sold a deficient plan to shelter participants' income from taxes and "superfund" their individual retirement accounts. By following defendant's advice, and participating in the deficient plan, plaintiffs have incurred tax penalties and other damages.

In support of its damages request, plaintiffs filed a Verified Motion for Entry of Default

Judgment with Memorandum in Support, verified by both plaintiffs. Upon review of plaintiffs' motion, the court determined that the verified motion did not establish the facts necessary for the court to enter default judgment in the amount requested, and thus, the court ordered a damages hearing. The court has conducted the hearing and is now prepared to rule.

## II. Judgment Standard

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact. *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003). The entry of default judgment by the court is governed by Rule 55(b)(2). It states:

> In all other cases, the party must apply to the court for a default judgment. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). A plaintiff must establish that the amount requested is reasonable under the circumstances. *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995) (quoting *Beck v. Atl. Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)). "'Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts.'" *Id.* at *4 (quoting *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)).

## III. Discussion

After reviewing the record, and hearing the evidence presented at the hearing, the court finds that plaintiffs have provided specific documentary evidence and details demonstrating to the court's

satisfaction that plaintiffs have or will suffer the following categories of damages:

| | | |
|---|---|---:|
| i. | IRC § 6707A(b)(2)(A) Penalties on Handley/Dean, '04-'06 | $ 189,000 |
| ii. | IRC § 6707A(b)(2)(B) Penalties on Dean Psych. Press, '05-'06 | $ 252,000 |
| iii. | IRC § 6707A(b)(2)(B) Penalties on Symptom Tracking, '05-'06 | $ 252,000 |
| iv. | IRC § 6707A(b)(2)(B) Penalties on SheaLaur, '05-'06 | $ 252,000 |
| v. | IRC § 6662A(a) Penalties on Handley/Dean, '02-'06 | $ 65,449 |
| vi. | Ruther's Distribution/Fee from SheaLaur (2% x $1,330,577) | $ 26,612 |
| vii. | Tax Attorney Fees and Costs to McQuain DeHardt & Rosenbloom, P.C. | $ 33,287.95 |
| viii. | Tax Attorney Fees and Costs to Morgan, Lewis & Bockius, LLP | $ 15,952.05 |
| ix. | Plaintiffs' inconvenience and lost time (165 hours @ $85/hour) | $ 14,025 |
| | **TOTAL** | **$1,100,325.90** |

Attorney fees and costs are allowed by the Kansas Consumer Protection Act, K.S.A. § 50-634(c). In determining a reasonable amount to be awarded for attorney fees, the court follows the lodestar formula. *Blum v. Stenson*, 465 U.S. 886, 888 (1984). After considering the nature and extent of the services supplied, the customary hourly rate of compensation, the number of hours expended, the skill required, the complexity of the case, and the success achieved, the court finds that plaintiffs have established that the requested attorney fees in the amount of $10,378.36 for bringing this action are reasonable. *See Dutton v. Johnson County Bd. of County Comm'rs*, No. 93-2184-JWL, 1995 WL 337588, at *1 (D. Kan. May 26, 1995) (citing *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1359 (4th Cir. 1995)).

The pleadings, supported by the evidence in the record, set out the amount of damages at

$1,110,704.26, plus post-judgment interest. This court finds that defendant is in default and entry of default judgment is proper pursuant to Federal Rule of Civil Procedure 55.

**IT IS THEREFORE ORDERED** that plaintiffs' Verified Motion for Entry of Default Judgment with Memorandum in Support (Doc. 6) is granted.

**IT IS FURTHER ORDERED** that Default Judgment be, and it hereby is, entered against defendant Scott Ruther, individually and d/b/a Ruther & Associates, and in favor of plaintiffs Melanie Dean and Patrick Handley in the amount of $1,110,704.26, together with interest from the date of judgment as provided by law.

Dated this 22nd day of July 2010, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**